J-A02028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| MONA LISA BROWN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| TIAN XIAO ZHANG | |
| Appellant | No. 1399 EDA 2016 |

Appeal from the Judgment Entered May 6, 2016
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s): October Term, 2013 No. 00857

BEFORE:  OTT, J., RANSOM, J., and FITZGERALD, J.[*]

MEMORANDUM BY RANSOM, J.:                    **FILED MAY 08, 2017**

Appellant, Tian Xiao Zhang, appeals from the judgment entered May 6, 2016.  At issue in this appeal is the trial court's denial of Appellant's motion to dismiss for lack of subject matter jurisdiction.  We affirm.

Appellee, Mona Lisa Brown, instituted a negligence action on April 17, 2014, following a slip and fall at a property owned by Appellant.  *See* Complaint, 4/17/2014, at ¶¶ 1-18.  Appellant represented himself *pro se* and prevailed at arbitration.  *See* Answer to Complaint, 4/24/14, at ¶¶ 1-6; Report and Award of Arbitrators, 7/22/14.  Appellee timely appealed the arbitrators' award, and the matter proceeded to trial by jury.  *See* Notice of Appeal from Award, 7/24/14.  On April 14, 2015, the jury entered a verdict of $175,000.00 in favor of Appellee and against Appellant.  *See* Jury Verdict

---

[*] Former Justice specially assigned to the Superior Court.

for Plaintiff, 4/14/15, at 1-2. At no time during the proceedings did Appellant aver that his wife was a co-owner of the Property.

Appellant, now represented by counsel, untimely filed a motion for post-trial relief. **See** Motion for Post Trial Relief, 7/15/15, at 1-12. The motion did not aver that Appellant's wife was a co-owner of the property. The trial court dismissed Appellant's motion as untimely. Appellant timely appealed, but his appeal was dismissed for failure to comply with Pa.R.A.P. 3517. **See** Order, 9/14/15, 2109 EDA 2015.

On November 30, 2015, Appellant filed a motion seeking to dismiss Appellee's complaint for lack of subject matter jurisdiction. **See** Motion to Dismiss, 11/30/15, at ¶¶ 1-10. The motion averred that the trial court lacked subject matter jurisdiction, as Appellee had failed to join an indispensable party. According to Appellant, his wife was a co-owner of the Proeprty and had not been named as a defendant. **Id.** Appellee filed an answer in opposition. The trial court denied Appellant's motion.

On May 5, 2016, Appellant timely appealed the denial of his motion.[1] Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement, and the trial court issued a responsive opinion.

_____

[1] On May 6, 2016, Appellee filed a praecipe to enter judgment on the verdict and judgment was entered that same day. As such, the appeal has been perfected and is properly before this Court. **See generally, Johnston the Florist, Inc. v. Tedco Constr. Corp.**, 657 A.2d 511, 513 (Pa. Super. 1995) (en banc) (holding that jurisdiction in this Court may be perfected after an appeal notice has been filed upon the docketing of a final judgment).

- 2 -

On appeal, Appellant raises a single question for our review:

Whether a trial court lacks subject matter jurisdiction to entertain a personal injury action alleging an unsafe condition of property, when the record owners of the property are not named as defendants?

Appellant's Brief at 1-2.

Appellant argues that the initial action was improperly brought against Appellant individually and not against the joint owners of the property as required by Pennsylvania law. *See* Appellant's Brief at 4. As Appellee failed to join an indispensable party, the court lacked subject matter jurisdiction, and the action should be dismissed, as the verdict and judgment are nullities. *Id.*

It is well settled that the failure to join an indispensable party is a non-waivable defect that implicates the trial court's subject matter jurisdiction. *Sabella v. Appalachian Dev. Corp.*, 103 A.3d 83, 90 (Pa. Super. 2014). In examining whether a party is indispensable, courts may consider the following criteria: 1) whether absent parties have a right or interest related to the claim; 2) the nature of the right or interest; 3) whether the right or interest is essential to the merits of the issue; and 4) whether justice may be afforded without violating the due process rights of absent parties. *See Mechanicsburg Area Sch. Dist. v. Kline*, 431 A.2d 953, 956 (Pa. 1981). If no redress is sought against a party, then its rights would not be prejudiced and accordingly, it is not essential. *See Grimme Combustion, Inc.*, 595 A.2d 77, 81 (Pa. Super. 1991).

Here, the trial court noted that the judgment was *in personam* and not *in rem*. **See**, **generally**, **Insilco Corp. v. Rayburn**, 543 A.2d 120, 123-124 (noting the differences between an *in rem* judgment against a property and an *in personam* judgment against individuals). The trial court concluded that, as Appellant cannot execute judgment against property held by tenants in the entireties, or any other property owned by Ms. Zhang, she will not be adversely affected by the judgment. Thus, Ms. Zhang's rights and interest in this case did not rise to the level to make her an indispensable party. **See Kline**, 431 A.2d at 956; **Grimme**, 595 A.2d at 81. We see no error in this conclusion, and accordingly, affirm.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/2017